UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY BERNARD MICHAEL,

    Movant,

v.

    File No. 1:10-cv-1222

    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
    _____/

**O P I N I O N**

    This matter is before the Court on Movant Terry Bernard Michael's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons that follow, his motion will be denied.

**I.**

    Movant was indicted on November 7, 2006, on the following charges: (1) distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(c); (2) distribution of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(c), and 21 U.S.C. § 860(a); (3) possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(iii); (4) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C); (5) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I); (6) felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 921(a), and 18 U.S.C. § 924(a)(2); and (7) possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k), 18 U.S.C. § 921(a)(3), and 18 U.S.C. § 924(a)(1)(B). *United States v. Michael*, Case No. 1:06-CR-0264 (W.D. Mich. Sep. 18, 2007). Movant was convicted after a jury trial on June 5, 2007, and sentenced on September 18, 2007, to 420 months' imprisonment. (1:06-CR-0264, Dkt. No. 42, Jury Verdict 1-2; Dkt. No. 55, Sent. Tr. 10-11.) Movant appealed on September 21, 2007, and his conviction was affirmed on August 11, 2009. *United States v. Michael*, 576 F.3d 323 (6th Cir. 2009). Movant filed a petition for certiorari to the United States Supreme Court on November 4, 2009, which was denied on December 11, 2009. (1:06-CR-0264, Dkt. Nos. 63-64.) Movant filed his § 2255 motion on December 10, 2010. (Dkt. No. 1.) Movant seeks relief based on (1) ineffective assistance of counsel; (2) lack of subject matter jurisdiction; and (3) the fact that an evidentiary hearing is warranted.

**II.**

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits, and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. Upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the

court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333

(6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

As a preliminary matter, two of Movant's claims will be denied. Movant's argument as to jurisdiction lacks merit because the court had jurisdiction under 18 U.S.C. § 3231, and therefore the claim is denied. Movant's claim as to the need for an evidentiary hearing is not grounds for relief and is likewise denied.

Movant also seeks relief based on two claims of ineffective assistance of counsel: (1) that Counsel failed to object to the career offender enhancement at sentencing; and (2) that Counsel failed to object to the discrepancy in the sentencing guidelines between offenses involving cocaine base and cocaine powder. (Dkt. No. 1, Mot. to Vacate 4.) To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot

be relied on as having produced a just result." *Id.* at 686. Movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In determining whether counsel's performance was deficient, the inquiry "must be highly deferential." *Id.* at 669.

*A. Career offender enhancement*

Movant claims that his counsel was ineffective for failing to object to the career offender enhancement at sentencing. (Dkt. No. 1, Mot. to Vacate 4.) According to the United States Sentencing Guidelines, three requirements must be met to categorize a defendant as a career offender. First, the defendant must have been at least eighteen years old at the time the instant offense was committed. Second, the instant offense must be a felony that is either a crime of violence or a controlled substance offense. Third, the defendant must have had at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a); *see United States v. Robertson*, 260 F.3d 500, 508-09 (6th Cir. 2001). Movant had two prior drug-related felony convictions that occurred when he was 23 years old. (PSR ¶¶ 78-79.) The instant offense involves four drug charges, and so all three requirements for the career offender enhancement were met.

Movant was not prejudiced by Counsel's failure to object to the application of the enhancement in the PSR or at sentencing. Movant has not suggested that any of the information in the PSR that was used to support the career offender enhancement was incorrect. Therefore, it was not objectively unreasonable for Counsel not to object, and to

5

do so would likely have been frivolous. A lawyer does not perform deficiently or prejudice his client by failing to raise frivolous objections. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). A frivolous objection, if made, could not have altered the proceedings and therefore Counsel's failure to file the motions was not unreasonable. *See Strickland*, 466 U.S. at 694. The claim is denied.

*B. Difference between cocaine base and cocaine powder*

Movant's second claim relates to the discrepancy between the sentencing guidelines for cocaine base and cocaine powder. Movant claims that Counsel was ineffective for failing to argue that the discrepancy would result in an unreasonable sentence. (Dkt. No. 1, Mot. to Vacate 4.) Movant was not prejudiced by the discrepancy in the Guidelines. The court of appeals explained that "the district court ultimately calculated Michael's Guidelines range under the career-offender provisions of U.S.S.G. § 4B1.1(c)(2), not under § 2D 1.1(c)'s drug-quantity table." *Michael*, 576 F.3d at 327. Accordingly, the ratio did not have a direct effect on the Guideline range. It did, however, affect the sentence in an atypical way by changing the statutory maximum sentence. *Id.* at 326. Had Movant possessed the same amount of powder rather than crack, the statutory maximum would have been 30 years' imprisonment instead of life. *Id.* at 327.

Typically, the 100:1 ratio between crack and powder cocaine affects the calculation of the Guidelines under the drug quantity table in U.S.S.G. § 2D1.1(c). However, because Movant was sentenced as a career offender, the drug quantity tables were not implicated.

6

Although counsel did not object to the manner in which the ratio affected the statutory minimum, his representation did not fall below and objective standard of reasonableness. As noted in *Liddell*, prior to that decision, the law was not clear that the United States Supreme Court's rationale in *Kimbrough v. United States*, 128 S.Ct. 558 (2007), regarding the crack/powder disparity applied in the career offender context. *United States v. Liddell*, 543 F.3d 877 (7th Cir. 2008). Counsel's failure to anticipate *Liddell* and the Sixth Circuit's analysis on Movant's appeal does not fall below the level of competency required by the Sixth Amendment.

> [T]he Sixth Amendment] does not guarantee [ ] an excellent lawyer. It does not even guarantee [ ] a good lawyer. Instead, the Sixth Amendment right to the effective assistance of counsel entitles [the criminal defendant] to nothing more than a reasonably competent attorney whose performance falls within the [wide] range of competence demanded of attorneys in criminal cases.

*Nichols v. United States*, 563 F.3d 240, 242 (6th Cir. 2009) (quoting *Moran v. Trippett*, 149 F.3d 1184 (table), 1998 WL 382698, at *5 (6th Cir.1998) (citation and quotation marks omitted)); *see also Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) ("The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight"). Movant has not demonstrated that Counsel was constitutionally ineffective for failing to "anticipate or foresee a change in the law." *Nichols*, 563 F.3d at 253.

Furthermore, the district court had the authority to accept or reject the way that the discrepancy is incorporated into the Guidelines. *Id.* at 328. The Supreme Court has stated that the sentencing guidelines are advisory, not mandatory. *Liddell*, 543 F.3d at 884. The

7

court had the full discretion to impose a sentence within the applicable range. As noted by the Sixth Circuit,

> [Movant] was convicted of four serious drug crimes involving the possession and distribution of large quantities of crack and powder cocaine within 1,000 feet of a high school, and three serious firearms crimes involving his possession of a .38-caliber revolver with an obliterated serial number. Moreover, he committed all those offenses as a twice-convicted felon, out of prison on parole. The district court did not abuse its discretion in imposing a sentence-420 months' incarceration-at the very bottom of his Guidelines range for these crimes.

*Michael*, 576 F.3d at 329. The court imposed a reasonable sentence that was sufficient, but not greater than necessary to achieve the factors set forth in the Guidelines. *Id*. This Court is satisfied that any objection at sentencing would not have affected the sentence imposed. Because the ratio was not a dispositive factor in determining Movant's sentence, it was not objectively unreasonable for Counsel not to object to the effect of the crack/powder discrepancy, and the failure to object to the career offender enhancement based on the discrepancy did not prejudice Movant. Because Movant cannot show the requisite prejudice necessary to succeed on his ineffective assistance claim, broader constitutional analysis is not needed. *Nichols*, 563 F.3d at 248; *Pearson v. Callahan*, 555 U.S. ----, 129 S.Ct. 808, 821 (2009). Therefore, Movant's claims are denied.

**IV.**

Movant has also filed a motion requesting that this Court appoint counsel. (Dkt. No. 5.) The Sixth Amendment does not require appointment of counsel for collateral attacks. *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965). Although there is no

8

constitutional right to an attorney for a habeas corpus petition, a § 2255 movant may be appointed an attorney when the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). When an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A. 28 foll. § 2255, Rule 8(c); *see also Vinson v. United States*, 235 F.2d 120, 122 (6th Cir. 1956). The interests of justice generally require appointment of counsel only when a movant faces the death penalty. *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990). The interests of justice do not require the appointment of counsel where a movant's claims have already been adequately presented to the district court. *Brawer v. United States*, 462 F. Supp. 739, 748 (S.D.N.Y. 1978). Any other request for appointment of counsel under § 2255 is addressed to the sound discretion of the trial court. *See Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). This court concludes that under the facts and circumstances of Movant's case, his claims have been adequately presented and there is no necessity for the appointment of counsel. Therefore, Movant's motion to appoint counsel is denied.

## V.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a

certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: November 7, 2011           /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE